# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

<table>
<tr><td>ISAAC A. KUNZ,<br><br>       Appellant,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>       Agency.</td><td>DOCKET NUMBER<br>CH-1221-13-4656-W-1<br><br><br><br>DATE: September 26, 2014</td></tr>
</table>

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Esquire, and John Durishan, Esquire, Atlanta, Georgia, for the appellant.

Chung Hi-Yoder, Washington, D.C., and Jennifer Spangler, Kansas City, Kansas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the Board lacks jurisdiction due to the appellant's failure to prove that he exhausted his administrative remedies, we AFFIRM the initial decision.

¶2      The appellant is an employee with the agency's Federal Bureau of Prisons. Initial Appeal File (IAF), Tab 10 at 5. In April 2009, he filed a grievance, through his union, regarding his nonselection for a promotion. *Id*. at 8-9. The agency denied the grievance, *id*. at 11-13, and, in June 2009, the union invoked arbitration, *id*. at 14. The designated arbitrator contacted the union and agency in September 2009, providing his availability for a hearing. *Id*. at 25. However, the parties requested that the case be held in abeyance. *See id*. at 26, 28. In November 2010, the arbitrator requested an update, as there had been none in the year since the case was put in abeyance. *Id*. at 26. Because neither party responded to this request for an update, the arbitrator closed his file on the matter in December 2010. *Id*. at 28.

¶3      After the appellant's nonselection, but while his grievance was in abeyance, the appellant contacted the agency's Office of Inspector General (OIG), in November 2009, and the Office of Special Counsel (OSC), in March 2010, with a

complaint. IAF, Tab 14 at 9-11. His complaint was unrelated to his grievance, but alleged misappropriation of agency funds for the construction of a monument, and the improper hiring of an individual in return for silence as to that misappropriation. *Id.* The appellant provided OSC further information in June 2010. *Id.* at 14-15.

¶4  It appears that the appellant filed another complaint with OSC several years later, with OSC acknowledging the complaint in January 2013. *Id.* at 18. In August 2013, OSC sent the appellant a letter indicating that it had ended its inquiry and notifying him that he had Board appeal rights because he had alleged reprisal for filing a previous OSC complaint. *Id.* at 19. At some point, the appellant asked the agency to reopen his grievance, but, in September 2013, the agency denied that request. *Id.* at 17.

¶5  Days after the agency denied his request to reopen the grievance, the appellant filed an IRA appeal with the Board, alleging that the failure to arbitrate his grievance was the result of whistleblower retaliation. IAF, Tab 1 at 5. The administrative judge issued an order to the appellant to meet his jurisdictional burden. IAF, Tab 3 at 1-4. After both parties responded, the administrative judge dismissed the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 1 at 2, Tab 22, Initial Decision (ID).

¶6  The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

¶7  The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure as defined by 5 U.S.C. § 2302(a), (b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C.

§ 1214(a)(3); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶8 Although the administrative judge primarily relied on a finding that the failure to arbitrate the appellant's grievance did not constitute a "personnel action" under the Whistleblower Protection Enhancement Act of 2012 (WPEA) in dismissing the instant appeal, she also noted that the appellant did not submit evidence to prove that he raised this issue with OSC.[2] *See* ID at 3. We find controlling for purposes of jurisdiction the failure to prove exhaustion of OSC remedies and modify the initial decision accordingly, without addressing whether the appellant met the other jurisdictional requirements. We modify the initial decision accordingly.

¶9 Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board in an IRA appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The appellant must prove exhaustion with OSC, not just present nonfrivolous allegations of exhaustion. *Id.*, ¶ 9. In addition, the Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC. *Id.*, ¶ 8. To satisfy the exhaustion requirement, the appellant must inform OSC of the precise ground of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Id.* An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Id.*

---

[2] The appeal was filed after the effected date of the WPEA. *See* IAF, Tab 1 (reflecting a submission date of September 29, 2013); *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 3 (2013) (noting that the WPEA became effective December 27, 2012). In analyzing the appellant's claim, the administrative judge, therefore, properly applied the WPEA. ID at 3.

¶10    The administrative judge's jurisdiction order explained that the appellant must show exhaustion of his administrative remedies with OSC. IAF, Tab 3 at 2. She specified that, to satisfy this requirement, the appellant must have informed OSC of the precise ground of his whistleblower claim, giving OSC a sufficient basis to pursue an investigation that could lead to corrective action. *Id.* Further, she noted that the test of sufficiency related to the statement made to OSC, not a subsequent characterization of those statements. *Id.* Nevertheless, the appellant failed to submit the relevant OSC complaint into the record.

¶11    The appellant alleged that he filed the whistleblower retaliation complaint with OSC on January 7, 2013. IAF, Tab 1 at 4. With his electronically filed Board appeal is a transmittal report that lists a document labeled "Whistleblower Request, OSC Complaint" as being attached. *Id.* at 6. A document explaining his retaliation complaint follows. *Id.* 7-9. However, the document is undated, unsigned, and has no recipient listed. *Id.* The record also contains acknowledgment and closeout letters from OSC. IAF, Tab 14 at 18-19. The closeout letter characterizes the appellant's complaint as one of "reprisal for filing a previous OSC complaint." *Id.* at 19. However, neither letter identifies the alleged retaliatory personnel action. In addition, neither letter identifies the disclosure at issue.

¶12    On review, the appellant appears to concede that he did not prove that he raised the failure to arbitrate with OSC when he states that the administrative judge noted "that no communications between OSC and the appellant were submitted to the Board showing that he raised the agency's failure to arbitrate the grievance as whistleblower retaliation, she does not rule that appellant had failed to establish that he had contacted OSC and received an Individual Right of Action." PFR File, Tab 1 at 11. This seems to argue that he met his jurisdictional burden by showing that he had contacted OSC and received a closeout letter notifying him of his IRA appeal rights. However, that argument is without merit because, as detailed above, the Board is limited to considering only

those disclosures of information and personnel actions that the appellant raised before OSC. *Mason*, 116 M.S.P.R. 135, ¶ 8; *compare Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 8 (2008) (exhaustion requirement satisfied where the appellant provided OSC with the content of disclosures, the individual to whom it was made, the nature of the personnel actions allegedly taken in retaliation, and the individuals responsible for taking those actions), *with Nichols v. Department of Interior*, 69 M.S.P.R. 386, 390 (1996) (exhaustion requirement not satisfied where the appellant alleged different reprisal in his IRA appeal than in his OSC complaint). Because the appellant failed to prove that he exhausted his administrative remedies with OSC as to the agency's processing of his grievance, the administrative judge correctly determined that the Board lacks jurisdiction over the matter.

¶13    Because the appellant failed to prove that he exhausted his administrative remedies with OSC, we need not address the remaining jurisdictional requirements for his IRA appeal, including whether "personnel action" must be interpreted so broadly under the WPEA to include the agency's and union's failure to complete arbitration. *See* PFR File, Tab 1 at 9-14. In addition, we note that the appellant's petition for review contained newly-submitted evidence consisting of the "Master Agreement" between the agency and the appellant's union. *See id*. at 17-126. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the appellant made no such showing. Therefore, we will not consider this evidence.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to

request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is

contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.